AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Middle District of Florida

| | |
|---|---|
| United States of America<br>v.<br>Leonardo Javier Velez Arcentales,<br>Byron Fernando Velez Arcentales,<br>Julio Alberto Velez Arcentales,<br>Miguel Angel Alvarez Garcia,<br>Edwin Jair Pimental Galvez,<br>Kevin Garcia Salazar<br><br>*Defendant(s)* | )<br>)<br>)  Case No.  8:25-mj-1459-NHA<br>)<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __March 4, 2025__ in the county of __Hillsborough__ in the __Middle__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 46 U.S.C. §§ 70503(a) and 70506 (a) | Conspiring to Possess with the Intent to Distribute Five Kilograms or More of Cocaine While on Board a Vessel Subject to the Jurisdiction of the United States |

This criminal complaint is based on these facts:

See Attached Affidavit.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Daniel McDonough, DEA Special Agent
*Printed name and title*

Sworn to before me over the telephone or other reliable electronic means and signed by me pursuant to Fed. R. Crim. P. 4.1 and 4(d).

Date: March 7, 2025

_____
*Judge's signature*

City and state: Tampa, Florida

Natalie Hirt Adams, United States Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, Daniel McDonough, after being duly sworn, depose and state as follows:

1. I submit this affidavit in support of a criminal complaint charging six individuals — **LEONARDO JAVIER VELEZ ARCENTALES, BYRON FERNADON VELEZ ARCENTALES, JULIO ALBERTO VELEZ ARCENTALES, MIGUEL ANGEL ALVAREZ GARIA, EDWIN JAIR PIMENTEL GALVEZ, and KEVIN GARIA SALAZAR**—with knowingly and willfully conspiring to possess with the intent to distribute five kilograms or more of cocaine, a Schedule II controlled substance, while on board a vessel subject to the jurisdiction of the United States, in violation of Title 46 U.S.C. §§ 70503(a) and 70506(a), and 21 U.S.C § 960(b)(1)(G).

2. I am a Special Agent with the Drug Enforcement Administration (DEA) in Tampa, Florida. I have been employed by the DEA as a Special Agent since 2006. DEA is one of the agencies within the U.S. government responsible for the enforcement of federal drug laws. As a DEA Special Agent, I have personally conducted and participated in many investigations that have resulted in the arrests and convictions of people responsible for trafficking in drugs

3. For approximately fourteen years, I have been assigned to a multi-agency investigation dubbed Operation Panama Express. Among other things, this investigation has assisted in the prosecution of cocaine smuggling organizations responsible for the transportation of cocaine via vessels through international waters

in the Caribbean Sea and the eastern Pacific Ocean for the later introduction and distribution into the United States. Operation Panama Express has been responsible for the seizure and/or destruction of over 800 tons of cocaine and the arrest of more than 2,000 persons suspected of drug trafficking. Since being assigned to Operation Panama Express, I have participated in over one hundred investigations targeting transnational criminal organizations responsible for the transportation of bulk cocaine in international waters.

4. The information contained herein is either personally known to me or has been provided to me by other law enforcement officers with whom I have worked on this investigation. This affidavit is submitted for the limited purpose of establishing probable cause for the criminal charges set forth herein and, therefore, does not contain each and every fact known to me or other law enforcement agents concerning this investigation.

5. In the course of my duties, I sometimes receive reports from U.S. Coast Guard (USCG) law enforcement personnel related to at-sea interdictions of vessels suspected of transporting narcotics or committing other violations of Federal law. The USCG has the authority under 14 U.S.C. 522 to make inquiries, examinations, inspections, searches, seizures and arrests upon the high seas and waters over which the United States has jurisdiction, in order to enforce Federal laws.

## PROBABLE CAUSE

5. On or about March 4, 2025, a maritime patrol aircraft ("MPA"), while on routine patrol, identified a target of interest ("TOI") approximately one hundred nautical miles southwest of Mexico in international waters. United States Coast Guard Cutter ("USCGC") KIMBALL launched and diverted an over-the-horizon ("OTH") vessel to intercept the TOI. USCGC KIMBALL requested and was subsequently granted authorization to conduct a right of visit (ROV) boarding. The TOI was identified as a go-fast vessel ("GFV") that was dead in the water, fully tarped, and loitering in a position consistent with known drug trafficking trends. No indicia of nationality were observed, no master was identified, and there was no claim of nationality made for the vessel. As a result of the ROV, USCGC KIMBALL requested and was granted authorization to treat the GFV as having no nationality and to conduct a full law enforcement boarding.

6. USCGC KIMBALL's boarding team received two positive ion scans for the presence of cocaine on the helm and port gunnel of the GFV.

7. During the law enforcement boarding, the MPA observed a bale field approximately twelve nautical miles southwest of the GFV. It was reported the packaging found at the bale field was consistent with materials found by the boarding team on the GFV. A one quarter inch black line that was utilized to tie all the bales was also located in abundance on the GFV.

8. USCGC KIMALL was able to recover approximately forty-six bales of suspected cocaine with an at-sea weight of 1,708 kilograms.

9. The USCG identified the crew of the GFV as LEONARDO JAVIER VELEZ ARCENTALES with Ecuadorian nationality, BYRON FERNANDO VELEZ ARCENTALES with Ecuadorian nationality, JULIO ALBERTO VELEZ ARCENTALES with Ecuadorian nationality, MIGUEL ANGEL ALVAREZ GARCIA with Mexican nationality, EDWIN JAIR PIMENTEL GALVEZ with Mexican nationality, and KEVIN GARCIA SALAZAR with Mexican nationality.

10. Based on my training, experience, and knowledge of the investigation, I respectfully submit that there is probable cause to there is probable cause to believe that LEONARDO JAVIER VELEZ ARCENTALES, BYRON FERNANDO VELEZ ARCENTALES, JULIO ALBERTO VELEZ ARCENTALES, MIGUEL ANGEL ALVAREZ GARCIA, EDWIN JAIR PIMENTEL GALVEZ, and KEVIN GARCIA SALAZAR, knowingly and willfully conspired to possess with intent to distribute five (5) kilograms or more of cocaine, a Schedule II controlled substance, while on board a vessel subject to the jurisdiction of the United States, in

4

violation of Title 46, United States Code Sections 70503 and 70506, Title 18, United States Code, Section 2 and Title 21, United States Code, Section 960(b)(1)(B)(ii).

*[signature]*

Daniel McDonough
Special Agent
Drug Enforcement Administration

Sworn to by the applicant in accordance with the requirements of Fed R. Crim. P. 4.1 and 4(a) this 7th day of March, 2025.

*[signature]*
NATALIE HIRT ADAMS
United States Magistrate Judge